UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>    Plaintiff,<br><br>    v.<br><br>M. DOBBS, et al.,<br><br>    Defendants. | No. 2:24-cv-00478-EFB (PC)<br><br>ORDER TO SHOW CAUSE |

    Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has also filed an application to proceed in forma pauperis.  ECF No. 3.  Because of discrepancies between plaintiff's IFP application and institutional trust account statement, the court must determine the propriety of granting plaintiff IFP status before it can screen the complaint under 28 U.S.C. § 1915A.

    28 U.S.C. § 1915(a) allows a person to proceed IFP after she submits to the court an affidavit that includes a statement of all of the person's assets and a statement that the person cannot pay the filing fee.  Additionally, a prisoner seeking to proceed IFP must also submit a certified copy of their prison trust account statement for the six months prior to the filing of the complaint.  28 U.S.C. § 1915(a)(2).  An IFP affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787

F.3d 1226, 1234 (9th Cir. 2015) (considering the impact of the filing fee on the budget of the applicant in determining that she should have been granted IFP status).  Where the IFP applicant is a prisoner, however, courts recognize that most necessary life expenses are covered by the government.  *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) (noting that plaintiff's entire $2000 in assets were available to him to pay for his lawsuit because the prison paid for his food, clothing, shelter, and medical care).

In this district, plaintiffs generally seek IFP status by submitting a form application.  E.D. Cal. Website, http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/ (last checked June 17, 2024).  Relevant to this case, the form asks the applicant to list all income from the prior 12 months, any money in a bank account, and any other assets of value.  The form states that responses are provided "under penalty of perjury."

Plaintiff's IFP application appears on an earlier iteration of the current form.  ECF No. 2.  It includes substantially the same information, however, including – critically – the statement that responses are provided under penalty of perjury.  *Id.*  Plaintiff signed her IFP application on January 22, 2024.  *Id.*  In her responses, she wrote that she had received no money from any source in the prior 12 months.  *Id.* at 1.  She also wrote that she had no cash, including in a checking or savings account.  *Id.* at 2.

The court cannot reconcile plaintiff's statements with the trust account statement provided by plaintiff's institution.  ECF No. 4.  That document shows that plaintiff had a balance of $1,848.43 on the date she signed the IFP application.  *Id.*  Among the transactions listed are the following deposits: (1) $2,012.76 on October 13, 2023; (2) $300 on November 11, 2023; (3) $200 on November 12, 2023; (4) $200 on December 28, 2023; and (5) $100 on December 30, 2023.  *Id.*

28 U.S.C. § 1915(e)(2)(A) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue[.]"  The statute was amended in April of 1996; it had previously provided that the court "*may* dismiss the case if the allegation of poverty is untrue[.]"  28 U.S.C. § 1915(e) (1996) (emphasis added).

Courts have not been totally uniform in their application of § 1915(e)(2)(A), but a close reading of the cases applying the statute reveals consistent considerations guiding the courts' analyses. The Ninth Circuit provided a starting point in *Escobedo*, 787 F.3d at 1234 n.8, stating that, to dismiss a complaint under § 1915(e)(2)(A), the court must find that the allegation of poverty was not just inaccurate, but made in bad faith. Consistent with that approach, other courts have concluded that, where the allegation of poverty is untrue but there is no showing of bad faith, the court should impose a lesser sanction than outright dismissal with prejudice, for example, revoking IFP and provide a window for the plaintiff to pay the filing fee, or dismissing without prejudice. *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986); *Mahone v. Pierce Cnty.*, No. C14-5665 BHS-KLS, 2014 U.S. Dist. LEXIS 170997, at *7-8 (W.D. Wash. Oct. 21, 2014); *Jacobsen v. Am. Honda Motor Co.*, No. CV 10-134-PK, 2010 U.S. Dist. LEXIS 80060, at *4-9 (recommending dismissal without prejudice where plaintiff failed to disclose income on IFP application but the evidence did not conclusively show intentional misrepresentation).

Courts that have declined to dismiss an action under § 1915(e)(2)(A) have generally based their decisions on the actual poverty of the plaintiff, despite a technical inaccuracy in the IFP application, and the absence of a showing of bad faith. *Escobedo*, 787 F.3d at 1234 n.8 (dismissal not warranted where plaintiff claimed to be paying a certain amount in "rent" despite actually owning her home, because her mortgage payment was equivalent to a payment of rent and plaintiff owned no equity in the home); *Camp*, 798 F.2d at 438-49 (reversing district court's dismissal where there was no finding that plaintiff's inaccuracy foreclosed IFP eligibility); *Hammler v. Alvarez*, No. 18-CV-326-AJB(WVG), 2019 U.S. Dist. LEXIS 22837, at *2-5 (S.D. Cal. Feb. 13, 2019) (dismissal not warranted where plaintiff failed to reveal over $1000 in settlement funds because such funds were immediately and entirely used to pay plaintiff's restitution fines); *Ruffin v. Baldwin*, No. 18-cv-1774-NJR, 2018 U.S. Dist. LEXIS 203411, at *7-10 (S.D. Ill. Nov. 30, 2018) (dismissal not warranted where plaintiff did not list over $4000 in settlement funds received in the six months preceding the application because the funds were revealed on the accompanying trust account statement (indicating no intent to conceal them) and because, by the date of the application, plaintiff had spent the money and was thus eligible for

IFP); *Griffin v. Moon*, No. 1:12-cv-02034-LJO-BAM (PC), 2016 U.S. Dist. LEXIS 130812, at *7 (E.D. Cal. Sept. 23, 2016) (dismissal not warranted where plaintiff had received funds between 8 and 20 years prior to his IFP application and there was no evidence that he currently had such funds).

On the flip side, courts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified her from obtaining IFP status or has otherwise manipulated her finances to make it appear that she is poorer than she actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith.  Thus, in *Kennedy v. Huibregtse*, 831 F.3d 441, 442-44 (7th Cir. 2016), the Seventh Circuit affirmed the district court's dismissal with prejudice of a complaint pursuant to § 1915(e)(2)(A) where the plaintiff failed to reveal that he had a trust account outside of prison, managed by a friend, containing about $1400 at the time of the plaintiff's IFP application.  The court rejected plaintiff's claim that he did not know the balance of the account at that time and thought it had only about $10, because he spent over $600 from it just before and after the application.  *Id.* at 444.  Importantly, the court found that, even if the district court would have granted the plaintiff IFP status if it had known about the trust account,

> hiding assets is not a permissible alternative to seeking the judge's assistance.  An applicant has to tell the truth, then argue to the judge why seemingly adverse facts (such as the trust fund in this case) are not dispositive.  A litigant can't say, "I know how the judge *should* rule, so I'm entitled to conceal material information from him."

*Id.* at 443 (emphasis in original).

Similarly, the Seventh Circuit affirmed a dismissal with prejudice under § 1915(e)(2)(A) where the plaintiff had not disclosed a savings account he controlled with a balance of over $32,000 at the time of his IFP application. *David v. Wal-Mart Stores, Inc.*, 669 Fed. App'x 793 (7th Cir. 2016).  The court rejected the plaintiff's explanation that he regarded the account as off-limits because he kept that money for his family in case of financial hardship.  *Id.* at 794.  The plaintiff had used funds from the account to pay $600 for a seminar and thus his claim that he could not have used the money for the filing fee was disingenuous.  *Id.*  And, as in *Kennedy*, the court emphasized that the plaintiff must disclose assets to the court and allow the court to assess

4

their availability to him. *Id.* at 794.

The Second Circuit reached the same conclusion in *Vann v. Comm'r of the N.Y.C. Dep't of Corr.*, 496 Fed. App'x 113 (2d Cir. 2012), affirming dismissal with prejudice where the plaintiff made false statements and intentionally concealed income on his IFP application. *Id.* at 114. Plaintiff had omitted about $2000 of income from the application. *Id.* at 115-16. The court found irrelevant whether the plaintiff had spent the money before submitting his IFP application, because the statute required him "to accurately and truthfully state his financial history and assets," and he had not done so. *Id.* at 116. Moreover, the plaintiff was "an experienced litigator with extensive knowledge and familiarity with the in forma pauperis system." *Id.* This fact supported a finding of bad faith. *Id.* at 115 ("To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation.")

In a good number of cases finding bad faith, prisoner-plaintiffs have diverted funds in the period leading up to their IFP application to others, usually family members. In *Roberts v. Beard*, No. 15cv1044-WQH-RBM, 2019 U.S. Dist. LEXIS 120744 (S.D. Cal. Aug. 2, 2019), the plaintiff had received a $3000 settlement on October 21, 2014, transferred $2000 to his sister on the same day, and used the remainder to pay outstanding court filing fees. *Id.* at *3-12. On April 14, 2015, the plaintiff submitted an IFP application indicating that he had not received any money from any other sources in the prior twelve months. *Id.* When the defendants sought dismissal under § 1915(e)(A)(2), the plaintiff claimed he had forgotten about the $3000 settlement, had not benefitted from it, and no longer had the money at the time of his application. *Id.* at *10. The court rejected these claims as not credible based on the plaintiff's extensive litigation history and familiarity with the IFP process. *Id.* at *7-11 (quoting *Vann*).

In *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463 (S.D.N.Y. 2004), the plaintiff sought IFP status on October 27, 1998, despite accepting settlement offers in two other cases totaling $13,500 in the prior three weeks. *Id.* at 464-65. She stated on her IFP application that she had enough money in an account in the community to pay the fee, but could not access the money because prison officials were not allowing her to receive checks. *Id.* at 464. She did not

5

disclose the settlements. While her IFP application was pending, she asked that the settlement checks be sent to her mother, and they were. *Id.* at 465. At the same time, the plaintiff prohibited prison officials from receiving checks on her behalf. *Id.* She did not disclose to the court that she had herself created the barrier keeping checks out of her prison account. *Id.* at 466. The court found that plaintiff, who had obtained IFP status in 15 other suits, had diverted the funds to her mother's address to perpetuate a negative balance in her prison account while misrepresenting to the court that circumstances beyond her control made it unfeasible to have money deposited there. *Id.* at 468-69. This manipulation of the IFP system, especially in combination with similar conduct by the plaintiff in other cases, justified dismissal of her case with prejudice. *Id.* at 468-69.

In *Richmond v. Housewright*, 101 F.R.D. 758 (D. Nev. 1984), the plaintiff did not reveal $2100 in income he had received during the 12 months preceding his IFP application for work performed as an inmate law clerk and paid directly to the plaintiff's fiancée. Finding that the plaintiff had "deliberately lied," the court dismissed the case. *Id.* at 759.

These cases reveal that the essential questions before the court are: (1) was plaintiff's allegation of poverty untrue and, if so, (2) did plaintiff submit the untrue IFP application in bad faith?

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, within 30 days of service of this order, why this action should not be dismissed under 28 U.S.C. § 1915(e)(2).

Dated: August 23, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE