1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL E. JACQUES,                        No. 2:24-cv-00478-DJC-EFB (PC)

12              Plaintiff,

13         v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    M. DOBBS, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to

18    42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).  Plaintiff has also filed an application to proceed in forma pauperis.  ECF No.

20    3.

21         Because of discrepancies between plaintiff's IFP application and institutional trust

22    account statement, the court issued an order to show cause why the case should not be dismissed.

23    ECF No. 6.  The court granted plaintiff an extension of time to respond to the order on October 3,

24    2024.  ECF No. 8.  When plaintiff still failed to respond to the order, the court recommended that

25    the case be dismissed.  ECF No. 9.

26         On February 18, 2025, plaintiff objected to the recommendation and responded to the

27    order to show cause.  ECF Nos. 10, 11.  Plaintiff states that she mailed a response to the order in

28    December 2024 and does not know why the court did not receive it.  ECF No. 10.  She states that

                                                1

1  receives her trust account statements sporadically and was not aware that she had received an

2  "EIP" payment of $2,012.76 in October 2023.  ECF No. 11.  According to plaintiff, she did not

3  intentionally or in bad faith mislead the court about her financial condition.  *Id.*

4       28 U.S.C. § 1915(a) allows a person to proceed IFP after she submits to the court an

5  affidavit that includes a statement of all of the person's assets and a statement that the person

6  cannot pay the filing fee.  Additionally, a prisoner seeking to proceed IFP must also submit a

7  certified copy of their prison trust account statement for the six months prior to the filing of the

8  complaint.  28 U.S.C. § 1915(a)(2).  An IFP affidavit "is sufficient where it alleges that the affiant

9  cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787

10  F.3d 1226, 1234 (9th Cir. 2015) (considering the impact of the filing fee on the budget of the

11  applicant in determining that she should have been granted IFP status).  Where the IFP applicant

12  is a prisoner, however, courts recognize that most necessary life expenses are covered by the

13  government.  *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) (noting that plaintiff's

14  entire $2000 in assets were available to him to pay for his lawsuit because the prison paid for his

15  food, clothing, shelter, and medical care).

16       In this district, plaintiffs generally seek IFP status by submitting a form application.  E.D.

17  Cal. Website, http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/ (last checked June

18  17, 2024).  Relevant to this case, the form asks the applicant to list all income from the prior 12

19  months, any money in a bank account, and any other assets of value.  The form states that

20  responses are provided "under penalty of perjury."

21       Plaintiff's IFP application appears on an earlier iteration of the current form.  ECF No. 2.

22  It includes substantially the same information, however, including – critically – the statement that

23  responses are provided under penalty of perjury.  *Id.*  Plaintiff signed her IFP application on

24  January 22, 2024.  *Id.*  In her responses, she wrote that she had received no money from any

25  source in the prior 12 months.  *Id.* at 1.  She also wrote that she had no cash, including in a

26  checking or savings account.  *Id.* at 2.

27       28 U.S.C. § 1915(e)(2)(A) provides: "Notwithstanding any filing fee, or any portion

28  thereof, that may have been paid, the court shall dismiss the case at any time if the court

2

1    determines that the allegation of poverty is untrue[.]"  The statute was amended in April of 1996;

2    it had previously provided that the court "*may* dismiss the case if the allegation of poverty is

3    untrue[.]"  28 U.S.C. § 1915(e) (1996) (emphasis added).

4         Courts have not been totally uniform in their application of § 1915(e)(2)(A), but a close

5    reading of the cases applying the statute reveals consistent considerations guiding the courts'

6    analyses.  The Ninth Circuit provided a starting point in *Escobedo*, 787 F.3d at 1234 n.8, stating

7    that, to dismiss a complaint under § 1915(e)(2)(A), the court must find that the allegation of

8    poverty was not just inaccurate, but made in bad faith.  Consistent with that approach, other

9    courts have concluded that, where the allegation of poverty is untrue but there is no showing of

10   bad faith, the court should impose a lesser sanction than outright dismissal with prejudice, for

11   example, revoking IFP and provide a window for the plaintiff to pay the filing fee, or dismissing

12   without prejudice.  *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986); *Mahone v. Pierce Cnty.*,

13   No. C14-5665 BHS-KLS, 2014 U.S. Dist. LEXIS 170997, at *7-8 (W.D. Wash. Oct. 21, 2014);

14   *Jacobsen v. Am. Honda Motor Co.*, No. CV 10-134-PK, 2010 U.S. Dist. LEXIS 80060, at *4-9

15   (recommending dismissal without prejudice where plaintiff failed to disclose income on IFP

16   application but the evidence did not conclusively show intentional misrepresentation).

17        Courts that have declined to dismiss an action under § 1915(e)(2)(A) have generally based

18   their decisions on the actual poverty of the plaintiff, despite a technical inaccuracy in the IFP

19   application, and the absence of a showing of bad faith.  *Escobedo*, 787 F.3d at 1234 n.8 (dismissal

20   not warranted where plaintiff claimed to be paying a certain amount in "rent" despite actually

21   owning her home, because her mortgage payment was equivalent to a payment of rent and

22   plaintiff owned no equity in the home); *Camp*, 798 F.2d at 438-49 (reversing district court's

23   dismissal where there was no finding that plaintiff's inaccuracy foreclosed IFP eligibility);

24   *Hammler v. Alvarez*, No. 18-CV-326-AJB(WVG), 2019 U.S. Dist. LEXIS 22837, at *2-5 (S.D.

25   Cal. Feb. 13, 2019) (dismissal not warranted where plaintiff failed to reveal over $1000 in

26   settlement funds because such funds were immediately and entirely used to pay plaintiff's

27   restitution fines); *Ruffin v. Baldwin*, No. 18-cv-1774-NJR, 2018 U.S. Dist. LEXIS 203411, at *7-

28   10 (S.D. Ill. Nov. 30, 2018) (dismissal not warranted where plaintiff did not list over $4000 in

3

1    settlement funds received in the six months preceding the application because the funds were

2    revealed on the accompanying trust account statement (indicating no intent to conceal them) and

3    because, by the date of the application, plaintiff had spent the money and was thus eligible for

4    IFP); *Griffin v. Moon*, No. 1:12-cv-02034-LJO-BAM (PC), 2016 U.S. Dist. LEXIS 130812, at *7

5    (E.D. Cal. Sept. 23, 2016) (dismissal not warranted where plaintiff had received funds between 8

6    and 20 years prior to his IFP application and there was no evidence that he currently had such

7    funds).

8            On the flip side, courts routinely dismiss with prejudice cases upon finding that the

9    plaintiff has intentionally withheld information that may have disqualified her from obtaining IFP

10   status or has otherwise manipulated her finances to make it appear that she is poorer than she

11   actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the

12   plaintiff's bad faith.  Thus, in *Kennedy v. Huibregtse*, 831 F.3d 441, 442-44 (7th Cir. 2016), the

13   Seventh Circuit affirmed the district court's dismissal with prejudice of a complaint pursuant to §

14   1915(e)(2)(A) where the plaintiff failed to reveal that he had a trust account outside of prison,

15   managed by a friend, containing about $1400 at the time of the plaintiff's IFP application.  The

16   court rejected plaintiff's claim that he did not know the balance of the account at that time and

17   thought it had only about $10, because he spent over $600 from it just before and after the

18   application.  *Id.* at 444.  Importantly, the court found that, even if the district court would have

19   granted the plaintiff IFP status if it had known about the trust account,

20           hiding assets is not a permissible alternative to seeking the judge's assistance.  An
             applicant has to tell the truth, then argue to the judge why seemingly adverse facts
21           (such as the trust fund in this case) are not dispositive.  A litigant can't say, "I
             know how the judge *should* rule, so I'm entitled to conceal material information
22           from him."

23   *Id.* at 443 (emphasis in original).

24           Similarly, the Seventh Circuit affirmed a dismissal with prejudice under § 1915(e)(2)(A)

25   where the plaintiff had not disclosed a savings account he controlled with a balance of over

26   $32,000 at the time of his IFP application.  *David v. Wal-Mart Stores, Inc.*, 669 Fed. App'x 793

27   (7th Cir. 2016).  The court rejected the plaintiff's explanation that he regarded the account as off-

28   limits because he kept that money for his family in case of financial hardship.  *Id.* at 794.  The

4

1   plaintiff had used funds from the account to pay $600 for a seminar and thus his claim that he

2   could not have used the money for the filing fee was disingenuous. *Id.*  And, as in *Kennedy*, the

3   court emphasized that the plaintiff must disclose assets to the court and allow the court to assess

4   their availability to him. *Id.* at 794.

5       The Second Circuit reached the same conclusion in *Vann v. Comm'r of the N.Y.C. Dep't*

6   *of Corr.*, 496 Fed. App'x 113 (2d Cir. 2012), affirming dismissal with prejudice where the

7   plaintiff made false statements and intentionally concealed income on his IFP application. *Id.* at

8   114.  Plaintiff had omitted about $2000 of income from the application. *Id.* at 115-16.  The court

9   found irrelevant whether the plaintiff had spent the money before submitting his IFP application,

10  because the statute required him "to accurately and truthfully state his financial history and

11  assets," and he had not done so. *Id.* at 116.  Moreover, the plaintiff was "an experienced litigator

12  with extensive knowledge and familiarity with the in forma pauperis system." *Id.*  This fact

13  supported a finding of bad faith. *Id.* at 115 ("To determine whether a plaintiff has acted in bad

14  faith a court may consider a plaintiff's familiarity with the in forma pauperis system and history

15  of litigation.")

16      In the instant case, the trust account statement provided by plaintiff's institution shows

17  that plaintiff had a balance of $1,848.43 on the date she signed the IFP application.  ECF No. 4.

18  Among the transactions listed are the following deposits: (1) $2,012.76 on October 13, 2023; (2)

19  $300 on November 11, 2023; (3) $200 on November 12, 2023; (4) $200 on December 28, 2023;

20  and (5) $100 on December 30, 2023. *Id.*

21      While plaintiff has perhaps explained why she did not disclose the October 13, 2023

22  payment of $2,012.76, she has not explained why she did not disclose the other money she

23  receives.  The trust account statement provided by plaintiff as an exhibit to her response to the

24  order to show cause shows that she receives numerous regular payments from an outside source

25  of up to $350 each, as does the statement provided by her institution.  Yet plaintiff stated under

26  penalty of perjury on her IFP application that she receives no money from any source.  The court

27  therefore finds that plaintiff has, in bad faith, misrepresented her finances in her in forma pauperis

28  application to this court.

1    Accordingly, it is hereby ORDERED that the findings and recommendations issued on

2  February 6, 2025 are VACATED.  It is further RECOMMENDED that the case be dismissed with

3  prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A).

4    These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9  objections shall be served and filed within fourteen days after service of the objections.  The

10  parties are advised that failure to file objections within the specified time may waive the right to

11  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

12  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13

14  Dated: March 7, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6