UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>           Plaintiff,<br><br>      v.<br><br>M. DOBBS, et al.,<br><br>           Defendants. | No.  2:24-cv-00478-DJC-EFB (PC)<br><br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding without counsel, brought this action pursuant to 42 U.S.C. § 1983 on February 15, 2024.  (ECF No. 1.)  Plaintiff filed an application to proceed in forma pauperis ("IFP") that same day.  (ECF No. 2.)

    On March 7, 2025, the Magistrate Judge filed Findings and Recommendations recommending this case be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(A) because Plaintiff had misrepresented her finances in her IFP application in bad faith. (ECF No. 12.)  In particular, the Magistrate Judge found that Plaintiff had failed to disclose deposits made into her prison trust account from outside sources yet "stated under penalty of perjury on her IFP application that she receives no money from any source." (*Id.* at 5.)  The Findings and Recommendations contained notice to all Parties that any objections were to be filed within 14 days. (*Id.*)  No timely objections were filed.  On April 18, 2025, this Court adopted the Findings and Recommendations in

1

full and dismissed the case with prejudice. (ECF No. 13.) Judgment was entered on April 21, 2025. (ECF No. 14.)

On April 28, 2025, Plaintiff filed a Motion to Vacate the Court's Order dismissing the case with prejudice. (ECF No. 15.) Plaintiff explained that she could not file timely objections to the Findings and Recommendations as she was denied access to her facility's law library to research her case and was also denied the ability to purchase stamps or envelopes. (*Id.*) Plaintiff also filed belated Objections to the Findings and Recommendations, explaining that any misrepresentations in her IFP application were not made in bad faith because Plaintiff "owed a total amount of $16,884 in restitution payments" and believed any income she received was eroded by her restitution obligations. (ECF No. 16.) She also stated she had filed prior IFP applications in the same manner without issue. (*Id.*)

The Court will construe Plaintiff's Motion to Vacate and accompanying Objections as a Motion for Reconsideration under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of the entry of judgment. Otherwise it is treated as a Rule 60(b) motion for relief from judgment or order." *Am. Ironworks & Erectors, Inc. v. N, Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). As Plaintiff's Motion to Vacate and Objections were filed within 10 days of the entry of judgment, the Court will analyze them under Rule 59(e).

Reconsideration is an extraordinary remedy and, in the interests of finality and conservation of judicial resources, is used sparingly. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether

to grant a motion for reconsideration is within the discretion of the district court. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999).

The Court holds that reconsideration is warranted here. As Plaintiff explains, she owed significant restitution payments which she believed negated any income she received from outside sources and was unfamiliar with the proper method for filling out the IFP application. Given these representations, the Court finds that there is no clear evidence Plaintiff's misrepresentations in her IFP application were made in bad faith. The Court notes that a different Magistrate Judge recently examined Plaintiff's similarly deficient IFP application in another matter before this Court and came to the same conclusion, bolstering this Court's holding. In particular, that Magistrate Judge found that Plaintiff had made misrepresentations in her application concerning deposits into her prison trust account, but credited Plaintiff's explanation that she was unaware of those deposits when she filed the application, thereby declining to find the misrepresentations were made in bad faith. *See Jacques v. Hearn*, 2:23-cv-02714-DJC-SCR (E.D. Cal. Oct. 15, 2024), ECF No. 9 ("The undersigned will accept plaintiff's explanation that plaintiff was not aware of the trust account deposits at issue when [s]he signed the IFP affidavit and constructively filed the complaint. Accepting plaintiff's explanation, the undersigned will not recommend that this case be dismissed for an untrue allegation of poverty.").

Thus, given Plaintiff's representations in her Objections, the Court will grant reconsideration and reopen this case. However, for the reasons stated in the Findings and Recommendations, the Court finds that Plaintiff has made an inadequate showing of indigency. Accordingly, Plaintiff must pay the court costs in order to proceed with this case. Plaintiff is cautioned, however, that failure to pay the court costs will result in dismissal of this action without prejudice.

////

////

////

**CONCLUSION**

In accordance with the above, it is HEREBY ORDERED:

1. Plaintiff's Motion to Vacate (ECF No. 15) is GRANTED;
2. The Clerk of Court is DIRECTED to reopen this case;
3. Within thirty (30) days of this Order, Plaintiff shall submit the court costs in the amount of $405 in order to proceed with this action. Failure to pay this filing fee will result in dismissal of this action; and
4. Should Plaintiff pay the filing fee, this action will be referred back the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **May 21, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Jacques24cv478.MotReconsideration